Baldwin J.
delivered the opinion of the court.
The court is of opinion, that by the well established rule of equity, a defendant is not bound to disclose or answer matters which will expose him to pains, penalties or punishment, or to a criminal prosecution therefor. The application of this rule must be governed by the circumstances of the case, and the sound discretion of the court. On the one hand, the party is not to be allowed to decide for himself whether he is entitled to the protection claimed; and to screen himself from a just responsibility by the pretence that his answer would subject him to criminal or penal consequences. And on the other, the plaintiff is not to be permitted, by suppressing or disguising the real nature of his case, to deprive his adversary of a privilege essential to the immunities and liberties of the citizen. It is not necessary it should be made appear that the defendant will be certainly exposed to peril, by making the discovery sought: it is enough if it appear that by answering the charges or interrogatories of the bill he will thereby be probably subjected to danger. If this be shewn upon the face of the plaintiff’s bill, then the defendant may assert his privilege by a demurrer thereto. If it be not thus shewn, then the defendant must claim his protec *127 tion by plea or answer : the averments of which, if traversed by replication, must be established by sufficient evidence. By such plea or answer and evidence, the defendant may make it appear that the plaintiff’s demand against him has arisen out of an act denounced and punished by law; and that the defendant is so connected with such act, that unless protected from answering, he will probably be exposed to criminal or penal consequences. More than this he cannot be required to do ; for if we go beyond this point, we cannot stop short of requiring the defendant to allege and prove his own guilt, by way of protecting himself against its acknowledgment.
The court is further of opinion, that in the present case the allegations and interrogatories of the plaintiffs’ bill are not such as to shew upon its face that the defendant ought to have been protected from answering the same, or that the bill was in any respect demurrable ; and therefore that the defendant’s demurrer was properly overruled by the circuit court.
The court is further of opinion, that notwithstanding the overruling of a demurrer to a bill, a defendant is at liberty to file any sufficient answer; that an answer to a bill of discovery is sufficient when it shews that the defendant is protected from making the discovery sought by the bill; that in this case the averments in the defendant’s answer were such as if true entitled him to the protection which he claimed ; and therefore that the plaintiffs’ objections to the filing of the answer were properly overruled by the said circuit court.
The court is further of opinion, that upon the hearing of the cause, the former bill of discovery exhibited against the defendant by the plaintiffs, and sworn to by their cashier, was legal and sufficient evidence for the defendant to prove the facts therein stated. It appears from the former bill that the money of which the plaintiffs seek a discovery from the defendant, was taken *128 from the hanking house of the plaintiffs by robbery; ^ same wag shortly thereafter received by the defendant from one or more of the robbers; and has been withheld by him from the plaintiffs, with a knowledge 0f the fact that it was their property, and that they had been robbed thereof as aforesaid. It is true the former bill disclaims imputing to the defendant a knowledge of these facts at the time he received the money; but such disclaimer would be no evidence for the defendant in a criminal prosecution against him on the part of the commonwealth, and if permitted to deprive a defendant of his protection, would always be resorted to as a device for that purpose. The court does not feel itself called upon to ascertain the precise character of the public prosecution to which the defendant would probably be exposed, if he were compelled to make the discovery sought by the bill; nor to express an opinion whether such prosecution would be barred by some statute of limitations; or what would be the effect of such bar, in a case like the present, upon the question of the defendant’s protection. These are grave questions which cannot be raised incidentally at the bar; and if they could have availed the plaintiffs any thing, ought to have been presented by a frank disclosure of the real nature of their case; and the court cannot avoid perceiving that the present bill has been ingeniously drawn, for the purpose of gaining an advantage by dexterity in pleading.
The court, therefore, without deciding whether the decree in the former cause is a bar to the present suit, is of opinion that there is no error in the decree of the said circuit court dismissing the plaintiffs’ bill, and that the same should be affirmed.
Cabell, P. concurred in the opinion of Baldwin, J.